IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARCUS T. DIXON, #B66674, )
)
    Plaintiff, )
)
vs. ) Case No. 19-cv-00825-DWD
)
JOSE DELGADO, )
LT. ROBINSON, )
C/O RUCKER, )
C/O KORTE, )
LT. STOCK, )
JOHN DOE #1, )
JOHN DOE #2, )
JOHN DOE #3, )
and AMY LANG, )
)
    Defendants. )
)
)

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Marcus Dixon, an inmate in the custody of the Illinois Department of Corrections ("IDOC") and currently incarcerated in Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Menard and Centralia Correctional Center ("Centralia"). (Doc. 1). This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 51), which is **GRANTED**. The Court will screen the new claims pursuant to 28 U.S.C. § 1915A.

After initial screening and substitution of Defendant Cheek for John Doe #1, Plaintiff proceeded on the following claims:

1

> **Count 1:** Eighth Amendment claim against Defendants Delgado, Stock, Robinson, Rucker, Korte, John Doe #2, and John Doe #3 for using excessive force and/or failing to intervene in its use against Plaintiff at Centralia on September 27, 2017.
>
> **Count 2:** Fourteenth Amendment equal protection claim against Defendants Delgado, Stock, Robinson, Rucker, Korte, John Doe #2, and John Doe #3 for singling Plaintiff out for an assault because of his race on September 27, 2019.
>
> **Count 3:** First Amendment retaliation claim against Defendants Delgado and John Doe #1 for issuing Plaintiff a false disciplinary ticket and filing charges in response to his filing grievances.

On initial screening, the Court dismissed an additional count alleging a procedural due process violation against Delgado for a false disciplinary ticket at Centralia on September 27, 2017. (Doc. 16).

Plaintiff's proposed Amended Complaint attempts to revive this claim and add two additional Defendants. Plaintiff alleges that he was not served with the disciplinary ticket before the disciplinary hearing (because non-party C/O Royster kept it). He also alleges that Lt. Brookman and Sgt. Hart, who heard the allegedly false disciplinary charge, did not adequately investigate the charge or set forth the evidence relied upon in the Final Summary Report.

To state a Fourteenth Amendment procedural due process claim, Plaintiff must sufficiently allege that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A disciplinary ticket, even if falsely issued, does not violate the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). A court analyzing a due process

claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Zinermon*, 494 U.S. at 125.

Here, Plaintiff was sentenced to one year in disciplinary segregation, which is sufficient to suggest a protectable liberty interest triggering procedural due process safeguards. *See Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009). Those safeguards include (1) advanced written notice of the charge against him; (2) the right to appear before an impartial hearing panel; (3) the right to call witnesses and present documentary evidence if prison safety allows; and (4) a written statement of the reasons for the discipline imposed. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). In addition, the disciplinary decision must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

The Adjustment Committee (Brookman and Hart) did provide an adequate written statement of the reasons for the discipline imposed- instead of simply adopting the written report, they also noted that three other officers witnessed the incident and agreed with the contents of that report. That suffices for both the fourth *Wolff* requirement and the "some evidence" standard. However, Plaintiff's allegation that he did not receive written notice of the charge against him in advance—and told the Adjustment Committee of that fact prior to their finding—is sufficient to state a claim against Brookman and Hart. Accordingly, the claim survives, and Brookman and Hart will be added as Defendants to the case.

3

### Motion for Trial Transcript and Motion for Subpoena

Plaintiff has filed two motions seeking discovery materials (Docs. 38 and 50), which are **DENIED**. The materials sought (a trial transcript from the state court action related to Plaintiff's alleged assault of Delgado and disciplinary records from IDOC) may be requested as part of merits discovery. Should Defendants refuse to produce them during the discovery phase of the case, Plaintiff may file an appropriate motion at that time.

### Motion for Leave to File Amended Answer

Defendants Delgado, Korte, Robinson, Rucker, Stock and Thompson have requested leave to file an amended answer to include a failure-to-exhaust affirmative defense (Doc. 45), which is **GRANTED**. Given that the newly-added Defendants will have the opportunity to answer and assert their own affirmative defenses, there appears to be no prejudice to Plaintiff and no just reason to deny leave to amend the answer for the existing Defendants.

### Motion for Court Order

Plaintiff has also requested an order that if he tests positive for COVID-19, he be allowed to take his legal materials and pens into quarantine with him. (Doc. 39). This Motion is **DENIED**. In addition to being a significant invasion into the daily workings of the prison, such an order would address an issue that has not occurred. Should Plaintiff be separated from his legal materials to the extent that he is unable to respond to deadlines or otherwise adequately litigate the case, the Court will hear a motion for appropriate relief at that time.

**Disposition**

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 51 is **GRANTED.** The Clerk of the Court is **DIRECTED** to file Plaintiff's proposed Amended Complaint *instanter* and **ADD** Defendants Brookman and Hart.  Plaintiff's new claim survives as follows:

> Count 4: Fourteenth Amendment procedural due process claim against Defendants Brookman and Hart related to Plaintiff's disciplinary charge and hearing.

Plaintiff's Motions seeking discovery materials (Docs. 38 and 50) are **DENIED**. Defendants Delgado, Korte, Robinson, Rucker, Stock and Thompson's Motion for Leave to File an Amended Answer (Doc. 45) is **GRANTED.**  Plaintiff's Motion for Court Order (Doc. 39) is **DENIED**.  Plaintiff's Motions for Extension of Time to File Amended Complaint (Docs. 48 and 49) are **MOOT.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **Brookman and Hart**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service

on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** June 30, 2021

DAVID W. DUGAN
U.S. District Judge