IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS T. DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-825-DWD |
| | ) |
| JOSE DELGADO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Marcus Dixon, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations that occurred at Menard and Centralia Correctional Centers. (Docs. 1, 53). Defendants moved for summary judgment. (Docs. 93, 94). In relevant part, Plaintiff's Eighth Amendment claim for violations of excessive force and/or failure to intervene against Defendants Delgado, Stock, Robinson, Rucker, and Korte ("Count I") survived. (Doc. 97). Now before the Court are Plaintiff's Motions *in Limine*, wherein Plaintiff effectively asks the Court to reconsider its ruling in the Order on Defendant's summary judgment motion ("Summary Judgment Order") that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars certain arguments related to Count I. (Doc. 134). Defendants do not object to the request to reconsider. (Doc. 138, p. 5). For the reasons

1

that follow, the Court construes Plaintiff's fifth motion *in limine* as a Motion to Reconsider the Court's prior ruling regarding *Heck* and grants the same.[1]

## Background

The Court assumes familiarity with the facts from the Summary Judgment Order. (Doc. 97). On September 27, 2017, Plaintiff was involved in an incident at Centralia with Defendants Delgado, Stock, Robinson, Rucker, and Korte. Plaintiff claims that the incident began when a conversation escalated between him and Defendant Stock regarding the return of Plaintiff's personal property after his transfer to Centralia. (Doc. 96, p. 17). At some point during the conversation, Plaintiff alleges that Defendant Delgado approached, told Plaintiff that he would not receive his property back, and then shouted insults and threats. (Doc. 96, pp. 17-18). Then, according to Plaintiff, Defendants Delgado, Stock, Rucker, and Korte began to beat him, and Defendants Stock and Robinson watched the assault but did not intervene. (Doc. 96, pp. 18-19).

Following the incident, various prison employees, including Defendants Stock, Rucker, Delgado, Robinson, and Korte, completed incident reports in which they maintain Plaintiff assaulted Defendant Delgado by punching him in the face. (Doc. 94-3, pp. 1-11). Defendant Delgado also wrote Plaintiff a prison disciplinary ticket. (Doc. 94-4, p. 4). On October 3, 2017, a prison adjustment committee found Plaintiff guilty of assault with injury of Defendant Delgado. (Docs. 53, p. 32; 1, p. 17).

---

[1] The effect of the Court's reconsideration is limited to the scope of evidence and arguments permitted at trial and does not alter the operative claims in this case or any other prior ruling by the Court.

At summary judgment, Defendants argued that Plaintiff's prison disciplinary conviction for assault of Defendant Delgado required the Court, pursuant to *Heck*, to dismiss his excessive force claim for impermissibly challenging the assault conviction, or, alternatively, for raising arguments inconsistent with the conviction. (Doc. 94, pp. 5-7). Because there was no evidence that the prison disciplinary conviction had been invalidated or overturned, the Court found that Plaintiff's arguments denying his assault of Defendant Delgado were impermissible challenges to the validity of the prison disciplinary conviction and were therefore foreclosed by *Heck*. (Doc. 97, p. 12). Now, Plaintiff asks the Court to reconsider that ruling.

## Legal Standards

Federal Rule of Civil Procedure 54(b) grants the Court discretion to reconsider interlocutory orders. *United States v. Petersen Sand & Gravel, Inc.*, 806 F. Supp. 1346, 1360 (N.D. Ill. 1992), *on reconsideration* (Nov. 9, 1992) (citing *Marconi Wireless Co. v. United States,* 320 U.S. 1, 47–48 (1943); Fed. R. Civ. P. 54(b)); *see also Green v. United States*, No. 14-CV-119, 2016 WL 6248281, at *2 (S.D. Ill. Oct. 26, 2016) ("The Court has the inherent power to reconsider non-final orders, as justice requires." (citing *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1160 (N.D. Ind. 1995)). Rule 54(b) generally serves "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Manifest error occurs where the court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Schmelzer v. Animal Wellness*

3

*Ctr. Of Monee, LLC*, 2022 WL 3650675, at *1 (N.D. Ill. Aug. 1, 2022) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). A motion to reconsider "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

## Analysis

As referenced in the Summary Judgment Order, "[u]nder the rule of the *Heck* case, a civil rights suit cannot be maintained by a prisoner if a judgment in his favor would 'necessarily imply' that his conviction had been invalid, and for this purpose the ruling in a prison disciplinary proceeding is a conviction." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (citing *Heck*, 512 U.S. at 487; *Edwards v. Balisok*, 520 U.S. 641 (1997); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008)) (internal citations omitted). Accordingly, *Heck* requires that a claim by a prisoner in a civil rights case be dismissed if it challenges a finding essential to the decision in his prison disciplinary case. *Id.* (citing *Okoro v. Callaghan*, 324 F.3d 488, 480 (7th Cir. 2003). However, Plaintiff argues that *Heck* is limited in its application where, as here, the discipline imposed concerns only the conditions of confinement and not the length of confinement. Plaintiff then concludes that because he did not lose good time credits as a result of his prison disciplinary proceeding he should be permitted to argue at trial that he did not assault Defendant Delgado. (Doc. 134, pp. 4-6). The Court agrees.

Indeed, the Seventh Circuit has held that "[a] section 1983 complaint that challenges a disciplinary sanction related only to the conditions of confinement and that

4

does not implicate the validity of the underlying conviction or the duration of the sentence (e.g. loss of good time credits) is not subject to *Heck*'s favorable termination requirement." *Savory v. Cannon*, 947 F.3d 409, 422-23 (7th Cir. 2020) (citing *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004)). Stated differently, "*Heck* and *Edwards* do not bar review of prison disciplinary proceedings under § 1983 . . . for inmates whose infractions are punished by disciplinary segregation or restrictions on recreation, since neither penalty is 'a form of custody' under federal law." *James v. Pfister*, 708 F. App'x 876, 878 (7th Cir. 2017) (citing *Muhammad*, 540 U.S. at 754-55; *Simpson v. Nickel*, 450 F.3d 303, 306-07 (7th Cir. 2006)); *see also Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012) ("[T]he bar imposed by *Edwards* and *Heck* has no application to an inmate who was punished only with segregation.") (citations omitted).

Here, after finding Plaintiff guilty of assaulting Defendant Delgado, the prison disciplinary board punished Plaintiff with one year of "C Grade," one year in segregation, one year of commissary restriction, and six months of contact visit restrictions. (Doc. 53, p. 32). None of these punishments implicate the validity of Plaintiff's underlying conviction or the duration of his sentence. Rather, the punishments solely concern the conditions of his confinement. Thus, the Seventh Circuit law is clear that *Heck* does not foreclose arguments by Plaintiff that challenge the validity of his prison disciplinary conviction of assault.

## Conclusion

After careful reconsideration, the Court **GRANTS** Plaintiff's fifth Motion *in Limine*, construed as a Motion for Reconsideration under Rule 54(b). (Doc. 134, pp 4-6). The Court's prior ruling in the Summary Judgment Order finding that Plaintiff's arguments denying his assault of Defendant Delgado were foreclosed by *Heck* is hereby **VACATED**. (Doc. 97, p. 12). Accordingly, to the extent permitted by the Federal Rules of Evidence and not otherwise barred or limited, Plaintiff **SHALL** be permitted to argue and present evidence at trial challenging his alleged assault on Defendant Delgado.

**SO ORDERED.**

Dated: November 4, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge