IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS T. DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-825-DWD |
| | ) |
| JOHN BALDWIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER ON MOTIONS *IN LIMINE*

**DUGAN, District Judge:**

Now before the Court are Motions *in Limine* by Plaintiff Marcus T. Dixon, (Doc. 134) and by Defendants Kent E. Brookman, Jose Delgado, Jason N. Hart, Daniel Korte, Jason Robinson, Chad Rucker, and David Stock.[1] (Doc. 124).

### Legal Standards

The Federal Rules of Evidence do not explicitly authorize *in limine* rulings, but the practice of using such rulings has developed under the district court's inherent authority to manage trials. *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984). Motions *in limine* are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999). *Accord Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996) (motions *in limine* aid the trial process by "enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence … without lengthy

---

[1] Defendants have also filed a Trial Brief regarding Plaintiff's Acquittal of Aggravated Battery of Defendant Delgado, which pertains to Plaintiff's Motion *in Limine* No. 6 and Defendants' Motion *in Limine* No. 8. (Doc. 149).

1

argument at, or interruption of, the trial."). Such motions permit the district court to eliminate evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any purpose," *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Additionally, the "prudent use of the *in limine* motion sharpens the focus of [the] trial proceedings." *Id.* at 440.

Motion *in limine* rulings are made before the Court has had a chance to hear all of the evidence or see the trial develop. As such, these rulings are preliminary and may be revisited based on the Court's exposure to the evidence at trial. *U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989), *citing Luce*, 469 U.S. at 41 ("a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

At the outset, the Parties are **ORDERED** to ensure their client(s) and witnesses are aware of and understand the following orders on the Motions *in limine*.

With these principles in mind, the Court rules as follows.

### Plaintiff's Motions *in Limine*

Plaintiff's Motion *in limine* No. 1 seeks to exclude evidence concerning Plaintiff's convictions. Defendants object to barring evidence related to Plaintiff's convictions for aggravated battery, for which Plaintiff received a sentence of 20 years and is currently incarcerated, arguing that such evidence is relevant impeachment evidence. Defendants

state that they do not intend to present evidence related to the convictions beyond the crime charged, the date, and the disposition.

Federal Rule of Evidence 609 governs the admissibility of a witness's prior convictions for purposes of impeachment. That rule presumptively allows admission of a civil witness's prior felony convictions for impeachment, so long as the probative value is not substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 609(a)(1)(A); Fed. R. Evid. 403. When weighing the probative value against the prejudicial effect of a prior conviction under Rule 609, courts should consider the following factors: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *United States v. Gant*, 396 F.3d 906, 909 (7th Cir. 2005) (citations omitted); *see also Pryor v. Corrigan,* No. 17-cv-1968, 2023 WL 1100436, at *13 (N.D. Ill. Jan. 30, 2023) (applying the five factors in a § 1983 case).

As to the first factor, Defendants argue that Plaintiff's aggravated battery convictions have probative value on the issue of his credibility. In support of their argument, Defendants cite the Seventh Circuit's statement that "[t]he idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully." (Doc. 138, pp. 2-3) (quoting *Gora*, 971 F.3d at 1330). In essence, Defendants argue that any felony conviction possesses a high impeachment value. The Court disagrees.

The Seventh Circuit would not have included "impeachment value" as one of the applicable factors if any felony conviction, regardless of the nature of the crime, is

3

automatically deemed to have a high impeachment value. Rather, by including this factor, the Seventh Circuit indicates that some crimes, namely those involving dishonesty or fraud, have a higher impeachment value than other crimes. *See e.g., United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004) (defendant's prior convictions, which did not speak to his truthfulness, did not have a high impeachment value and favored exclusion); *United States v. Nurudin*, 8 F.3d 1187, 1192 (7th Cir. 1993) (because prior conviction did not involve dishonesty or fraud, the first factor weighed in favor of exclusion); *United States v. Causey*, 9 F.3d 1341, 1344 (7th Cir. 1993) (crimes that do not involve dishonesty have a low impeachment value and favor exclusion). Thus, although "the fact that a defendant has been convicted of a prior offense may legitimately imply 'that he is more likely to give false testimony than other witnesses,'" the relevant question is whether those convictions imply that the defendant is likely to give false testimony. *United States v. Rein*, 848 F.2d 777, 783 (7th Cir. 1988) (quoting *United States v. Harding*, 525 F.2d 84, 89 (7th Cir. 1975)) (emphasis added).

In light of the above, the Court finds that Plaintiff's aggravated battery convictions are not very probative of his character for truthfulness. Certain crimes "involving fraud or deceit" can "cast doubt on a witness's reliability for telling the truth." *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir. 1990) (en banc). However, "assault, or battery normally do not." *Id.* Therefore, the first factor weighs against admission.

The second factor – proximity in time – further weighs against admission. While the parties do not provide the exact dates of his convictions, Plaintiff states that they are "decades old." (Doc. 134, p. 2).

The third factor—the similarity between past crimes and the conduct at issue—similarly weighs against admission.[2] Aggravated battery, the crime for which Plaintiff was convicted, bears similarities to the conduct underlying his excessive force claim and Defendants' assertions that the force applied was justified. When evaluating a claim for excessive force, the jury must decide whether "force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). If evidence of Plaintiff's aggravated battery convictions are admitted, there is a risk that the jury will make an impermissible character inference—*i.e.*, that Plaintiff is a violent person—and thereby conclude from that evidence that Defendants were justified in their use of force to subdue him. *See United States v. Hernandez*, 106 F.3d 737, 740 (7th Cir. 1997) (reasoning that similarity between the current conduct and past crimes increases "the possibility of the jury's inferring guilt on a ground not permissible under Rule 404(b)"). Therefore, the resemblance between Plaintiff's prior convictions and the issues before the jury poses a risk of unfair prejudice to him and weighs against admission.

The fourth and fifth factors—the importance of Plaintiffs' testimony and the centrality of credibility as a trial issue—are considered next. Plaintiff's version of the facts stands in contrast to Defendants' and will serve as the focus of a notable portion of the trial. Clearly, Plaintiff is a key witness to the events of September 27, 2017 making his

---

[2] Some courts have declined to apply the third factor in the civil context. *See Pryor*, 2023 WL 1100436 (collecting cases). However, other courts found the third factor helpful in the § 1983 context to evaluate the risk that a jury could confuse a plaintiff's past conduct with the conduct at issue in his case. *Id.* (collecting cases). The Court is persuaded by the latter approach in this instance.

testimony important to his case and his credibility a prominent issue at trial. *See Gant*, 396 F.3d at 910 (noting the importance of credibility when one party-witness's testimony contradicts the testimony of a witness supporting the opposing party's version of events).

Defendants want to introduce for the purposes of impeachment Plaintiff's convictions. Undoubtedly, there is probative value, at least for Defendants' purposes, in the fact that Plaintiff has a felony conviction for aggravated battery. The problem is that the fact of his convictions is not probative as to any issue at trial. It is not uncommon in cases where the introduction of evidence of a conviction for a crime that does not reflect in some appreciable measure upon the party's truthfulness or capacity for deception and fraud will result in unfair and unnecessary prejudice. This is such a case. The Court believes the risk of confusion to the jury and the risk of unfair prejudice to the Plaintiff's case, when weighed against whatever appropriate probative value that evidence of his convictions brings in aid of the jurors, requires the Motion be **GRANTED**. Defendants are barred from introducing evidence of or otherwise mentioning in the presence of the jury the fact of the Plaintiff's aggravated battery convictions.

Plaintiff's Motion *in limine* No. 2 seeks to bar evidence of Plaintiff's prior prison disciplinary record as irrelevant to this case. In response, Defendants state that they do not intend to introduce evidence of Plaintiff's entire prison disciplinary record. Rather, Defendants state they seek to introduce evidence related to the claims in this case, particularly because Plaintiff's Fourteenth Amendment claim is based upon alleged violations of his procedural due process rights at a prison disciplinary hearing. The Court agrees that Plaintiff's prior disciplinary record regarding past discipline or misconduct

not related to the present action is not relevant or is otherwise impermissible. Fed. R. Evid. 401; Fed. R. Evid. 404(b). Accordingly, the motion is **GRANTED IN PART** as to Plaintiff's prison disciplinary records unrelated to the events of September 27, 2017, and the resulting disciplinary hearing. The motion is **DENIED IN PART** as to Plaintiff's other disciplinary records. The Court will address the admissibility of any other prison disciplinary records at trial. The Court directs the parties that, if they intend to introduce or admit into evidence any such record, that party should bring that fact to the attention of the Court outside of the presence of the jury.

Plaintiff's Motion *in limine* No. 3 seeks to permit Plaintiff to appear in civilian clothes and without handcuffs at trial. The Motion is **GRANTED IN PART**. Plaintiff shall be permitted to appear in civilian clothes, but his leg restraints are to remain affixed to Plaintiff during the course of the trial. The Plaintiff will not be required to wear handcuffs while seated at counsel table in the presence of the jury unless some serious security concern is raised such that handcuffs are necessary.

Plaintiff's Motion *in limine* No. 4 seeks to bar Defendants from eliciting any previously undisclosed expert opinion testimony. Defendants state that they do not intend to present any expert witnesses at trial. The Motion is **GRANTED**.

Plaintiff's Motion *in limine* No. 6[3] seeks to permit Plaintiff to enter evidence and testimony regarding Clinton County Case No. 17-cf-199 (the "Clinton County case"), in

---

[3] The Court previously granted Plaintiff's Motion *in limine* No. 5, construed as a Motion for Reconsideration under Federal Rule of Civil Procedure 54(b). (Doc. 140).

which a jury found Plaintiff not guilty of aggravated battery of Defendant Delgado related to the incident on September 27, 2017. Plaintiff argues that his acquittal is relevant because "[w]ithout the alleged punch, Defendants would not have perceived any threat and therefore the need for application of force by Defendants did not exist." (Doc. 134, pp. 6-7). Defendants disagree, arguing that evidence related to the Clinton County case is not relevant under Rule 401 and is prohibited by Rule 403.[4] The Court agrees that Plaintiff's acquittal is inadmissible.

"[E]vidence of acquittal in a criminal action is generally irrelevant and inadmissible in a civil case involving the same incident 'since it constitutes a negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'" *Est. of Moreland v. Dieter*, 395 F.3d 747, 755 (7th Cir. 2005) (citations omitted); *see also Adams v. Szczerbinski*, 329 F. App'x *19, *23-24 (7th Cir. 2009). Plaintiff has failed to demonstrate why the outcome of his Clinton County case is relevant to this case. *See, e.g.*, *Adams*, 329 F. App'x at *24 (finding that the district court did not abuse its discretion in excluding evidence of a § 1983 plaintiff's acquittal of a criminal battery charge against a police officer because it could potentially prejudice the police officer defendants); *Williams v. Brooks*, 809 F.3d 936, 945 (7th Cir. 2016) (reasoning that the court correctly found it was not bound by the state's dismissal of criminal charges against the plaintiff in his § 1983 case because "it would be irrelevant to his unlawful

---

[4] Defendants also claim that any evidence from the Clinton County case should be prohibited under Federal Rule Civil Procedure 26(a), because it was previously undisclosed by Plaintiffs, and that any testimony from Plaintiff related to that case would be inadmissible hearsay under Rule 801. However, the Court need not reach these issues, as it has concluded that the evidence is barred under Rule 401 and Rule 403.

arrest claim"). His acquittal does not, as Plaintiff argues, disprove that he punched Defendant Delgado on September 27, 2017. Neither does it suggest that any of the Defendants used excessive force against him—*i.e.*, "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Given the different standards applied in criminal and civil matters, the acquittal, for our purposes here, suggests nothing more than the jury did not believe him to be "guilty beyond a reasonable doubt." The jury in this case may still find, by a preponderance of the evidence, that the force applied to subdue the Plaintiff was not excessive under the circumstances. Such verdicts would not necessarily be incongruent.

Even if evidence of his acquittal was relevant, it must be excluded because its probative value is substantially outweighed by the likelihood of unfair prejudice. *See* Fed. R. Evid. 403. The "not guilty" verdict in the Clinton County case may confuse the jury or lead them to misunderstand the verdict as proof of Plaintiff's innocence or as proof that Defendants used excessive force against him. Accordingly, the Motion is **DENIED** because evidence related to the Clinton County case is not relevant, and its probative value is *de minimis* compared to the high risk of unfair prejudice. *See* Fed. R. Evid. 401; Fed. R. Evid. 403. The Plaintiff is, therefore, barred from introducing evidence of, or otherwise mentioning in the presence of the jury, the existence of or verdict in the Clinton County case.

Plaintiff's Motion *in limine* No. 7 seeks to bar Defendants from offering evidence or testimony that Plaintiff received his disciplinary ticket related to the September 27,

9

2017 incident. In support of his motion, Plaintiff cites a sentence in the Court's Summary Judgment Order: "Defendants do not disagree that Plaintiff did not receive his disciplinary ticket, and instead argue that Plaintiff refused to accept service of his disciplinary ticket." (Doc. 97, p. 20).[5] Therefore, Plaintiff argues that his receipt of his disciplinary ticket "is not an issue in this case."

Plaintiff misunderstands the Court's ruling. Directly below the sentence cited by Plaintiff, the Summary Judgment Order states:

> This is a material question of fact, and the Court is prohibited from the weighing the evidence and resolving any questions of credibility here. The Court finds that **there is a material dispute of fact as to whether Plaintiff received written notice of his disciplinary charge in advance of the Adjustment Committee hearing.**

(Doc. 97, p. 20) (emphasis added). Accordingly, the Motion is **DENIED**.

### Defendants' Motions *in Limine*:

Defendants' Motion *in limine* No. 1 seeks to bar Plaintiff and his witnesses from testifying at trial regarding the causation of any medical or mental health condition. Defendants argue that Plaintiff does not have medical expertise and therefore cannot offer his lay opinions regarding the causation of any medical or mental health conditions. In response, Plaintiff claims he has no intention of offering expert medical testimony, but

---

[5] Defendants provide that they did, in fact, argue in their Motion for Summary Judgment that Plaintiff received his disciplinary ticket. (Doc. 94, p. 12). Defendants' Motion for Summary Judgment states that Plaintiff's disciplinary report documented that "a copy of the disciplinary ticket was served on Plaintiff on September 27, 2017, but Plaintiff refused to sign it." (*Id.*). The Court's Summary Judgment Order is consistent with that evidence. Even if the Court's statement that "Defendants did not disagree" was in error, it is of little consequence. The ultimate finding in the Summary Judgment Order and this Order remains the same: the question of whether Plaintiff received the disciplinary ticket is a genuine dispute of material fact which must go to the jury.

that he should be permitted to testify as to the effects of Defendants' alleged attack on his physical, mental, and emotional health.

A lay witness may offer testimony that is "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. So, when an injury and its cause are clearly connected in some obvious way such that common experiences and observations explain the relationship, expert testimony is not required. *See Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) ("No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations") (holding that a prisoner could testify that a guard "beat him up and that it hurt really bad"). However, a causal connection that cannot be explained to a reasonable degree of certainty without scientific, technical, or specialized knowledge requires expert testimony. *See, e.g., Wooler v. Hickman Cty., Kentucky*, No. 5:05CV-247-R, 2008 WL 5412826, at *13 (W.D. Ky. Dec. 30, 2008), *aff'd sub nom. Wooler v. Hickman Cty., Ky.*, 377 F. App'x 502 (6th Cir. 2010) (discussing Eighth Amendment claims that lacked evidence of causation because experts could not testify as to the specific cause of a medical condition to a reasonable degree of medical certainty). Thus, it follows that Rule 701 does not permit a lay witness to offer opinions about medical causation. *See Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001) (finding inmate incompetent to testify in his conditions of confinement case that there is a causal relationship between exercise and healthy gums).

Accordingly, Defendants' Motion *in limine* No. 1 is **GRANTED**. As Plaintiff has no expertise, he is not qualified to testify as to a causal relationship between the alleged

11

attack and any medical or mental health condition. *See Crawford v. Davis*, 597 F.Supp.3d 1243, 1246 (S.D. Ill. 2022). Plaintiff, as a lay witness, will be permitted testify as to his own perceptions of physical and mental pain, discomfort, and suffering. Fed. R. Evid. 701.

Defendants' Motion *in limine* No. 2 seeks to bar Plaintiff from offering his own testimony as to any statements made to him or in his presence by any treating medical or mental health professional. The Motion is **GRANTED** without objection.

Defendants' Motion *in limine* No. 3 seeks to bar Plaintiff from offering testimony or otherwise suggesting that the State of Illinois will indemnify Defendants. The Motion is **GRANTED** without objection.

Defendants' Motion *in limine* No. 4 seeks to prohibit Plaintiff from offering evidence or testimony of other lawsuits involving Defendants. The Motion is **GRANTED** without objection.

Defendants' Motion *in limine* No. 5 seeks to prohibit Plaintiff from offering evidence or testimony of any misconduct, reprimand, or grievance issued against Defendants. The Motion is **GRANTED** without objection.

Defendants' Motion *in limine* No. 6 seeks to prohibit Plaintiff from offering evidence or testimony referencing any "golden rule" appeal. The Motion is **GRANTED** without objection.

Defendants' Motion *in limine* No. 7 seeks to prohibit Plaintiff from offering evidence or testimony referencing the Illinois Administrative Code, Illinois Department of Corrections Administrative Directives, or the Illinois Department of Corrections Policies and Procedures.

Evidence of Defendants' violations of IDOC policies and procedures will likely not help determine whether they exhibited reasonable behavior in the constitutional context. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006); *see also Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (holding that "42 U.S.C. protects plaintiffs from constitutional violations, not violations of state law or . . . departmental regulations and police practices."). However, the Seventh Circuit has held that, in the Eighth Amendment context, the knowing violation of prison rules—although not dispositive—is relevant evidence. *Mays v. Springborn,* 575 F.3d 643, 650 (7th Cir. 2009) ("[A]lthough violation of the prison's rule against public searches was not, by itself, a violation of the constitution, it was relevant evidence on which the jury could have relied to conclude that the searches were done with an intent to harass." (citation omitted)). Therefore, IDOC policies and procedures may be relevant to Plaintiff's Eighth Amendment claim, specifically the issue of whether Defendants were acting pursuant to a policy or practice of the prison that, in the reasonable judgment of prison officials, was needed to preserve security or order. *See McCoy*, 584 F. Supp. 3d at 642. However, such evidence is subject to a Rule 403 analysis. Fed. R. Evid. 403. Accordingly, the motion is **DENIED in part**, and the Court **RESERVES ruling in part** to evaluate the admissibility of such evidence during trial depending on what the parties intend to introduce and for what purpose.

Defendants' Motion *in limine* No. 8 seeks to prohibit Plaintiff from introducing documents and/or testimony related to the Clinton County case. As stated in the Court's ruling on Plaintiff's Motion *in limine* No. 6, evidence related to Plaintiff's acquittal in the Clinton County case is inadmissible. However, the admissibility of any other documents

13

and/or testimony from the Clinton County case will depend on the testimony at trial. Should a party open the door to impeachment by contradiction, documents or testimony from the Clinton County case may become relevant and admissible. Fed. R. Evid. 607; Fed. R. Evid. 613(b). Accordingly, the motion is **GRANTED in part**, and the Court **RESERVES ruling in part** to evaluate the admissibility of documents or testimony from the Clinton County case during trial depending on what the parties intend to introduce and for what purpose. If any evidence from the Clinton County case is introduced, the Court will issue a limiting instruction directing the jury to not be concerned with the outcome of the criminal trial. *See United States v. Warner*, 498 F.3d 666, 683 (7th Cir. 2007) ("There is a general presumption that juries follow their instructions."); *see also Adams*, 329 F. App'x at *24 (reasoning the district court's instruction to the jury "to not be concerned with the outcome of the criminal trial" was "sufficient to address [the plaintiff's] concern that the jury might speculate whether it would be finding in favor of a person convicted of a criminal offense arising out of the underlying events.").

    **SO ORDERED.**

Dated: December 6, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge